UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2841-DMG (MAAx) | Date | April 9, 2021 |
| Title | *Michael Mizrachi, et al. v. Sardor Azimovich Abdullaev, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 1, 2021, Plaintiffs Michael Mizrachi, Marina Mizrachi, and Weedmayhem, Inc. initiated this action, asserting federal question jurisdiction under 28 U.S.C. § 1331. Compl. ¶ 1 [Doc. # 1].

Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiffs' only cause of action which purportedly arises under federal law is their first, which they title "Violations of 47 U.S.C. § 230." *See* Compl. ¶¶ 69-73. But Section 230 does not provide a private right of action—it provides a *defense* of immunity in certain situations. *See* 47 U.S.C. § 230. Plaintiffs' allegations under this cause of action appear to assert a claim for defamation, in which they contend that the immunity defense under Section 230 is not available. *See* Compl. ¶ 71 ("Upon information and belief protections under § 230 of the Communications Decency Act are neither limitless nor provide Defendants immunity.").

It is well established that a federal defense does not provide a basis for subject matter jurisdiction, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborer Vacation Trust*, 463 U.S. 1, 14 (1983). Because Plaintiffs' first cause of action plainly does not state a claim arising under federal law—and none of the other causes of action purport to arise under federal law—the Court may dismiss the action for lack of subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'") (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-2841-DMG (MAAx) | Date | April 9, 2021 |
| Title | *Michael Mizrachi, et al. v. Sardor Azimovich Abdullaev, et al.* | Page | 2 of 2 |

Because it appears that federal question jurisdiction does not exist, Plaintiffs are hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs shall file a response by no later than **April 16, 2021**. **Failure to timely file a satisfactory response by this deadline will result in this action's dismissal.**

**IT IS SO ORDERED**.